UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| REGIONS BANK, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 4:07-cv-46 |
| v. ) | |
| ) | Judge Mattice |
| RON VANNATTA, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion For Relief From Judgment [Court Doc. 34] and Defendant's Motion For Leave To Take Discovery [Court Doc. 38]. Plaintiff obtained summary judgment in its favor against Defendant on April 2, 2008. [Court Doc. 23.] The Court also entered a judgment against Plaintiff in the amount of $4,611,231.90. [Court Doc. 24.] On September 11, 2008, the Court also awarded Plaintiff $24,398.00 in attorney's fees. [Court Doc. 30.] Defendant now moves the Court to grant him relief from the April 2, 2008 judgment in light of what he contends is newly discovered evidence. Defendant also seeks permission from the Court to reopen discovery. [Court Doc. 38]

For the reasons explained below, the Court will **DENY** Defendant's Motion For Relief From Judgment. [Court Doc. 34.] The Court will also **DENY** Defendant's Motion For Leave To Take Discovery [Court Doc. 38].

## I.     LEGAL STANDARD

A court may relieve a party from a final judgment if there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To be considered newly discovered

evidence under Rule 60(b)(2), the evidence must have been in existence, or pertain to facts that existed, at the time of trial. *See Davis v. Jellico Community Hosp., Inc.*, 912 F.2d 129, 135 (6th Cir. 1990). The treatment of Rule 60(b) motions is committed to the sound discretion of the district court. *See Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991).

In *Good v. Ohio Edison Co.*, 149 F.3d 413 (6th Cir. 1998), the Sixth Circuit explained that "to prevail on a Rule 60(b)(2) motion, a movant must demonstrate: (1) that it exercised due diligence in obtaining the information, and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Id.* at 423 (*quoting New Hampshire Ins. Co. v. Martech U.S.A., Inc.*, 993 F.2d 1195, 1200-01 (5th Cir. 1993)). Also, in order to succeed on a Rule 60(b)(2) motion, the newly discovered evidence must be admissible. *See Wilson v. Upjohn Co.*, 808 F. Supp. 1321, 1323 (S.D. Ohio 1992). A motion for relief from judgment cannot be granted based on inadmissible statements or statements that merely call into question the declarant's credibility. *See id. See also Good*, 149 F.3d at 423. Accordingly, the newly discovered evidence cannot be merely impeaching or cumulative. *See id.* (*citing Yachts Am., Inc. v. United States*, 779 F.2d 656, 662 (Fed. Cir. 1985)).

II.  **FACTS**

On August 17, 2007, Plaintiff initiated the instant case to enforce Defendant's obligations under three promissory notes dated April 25, 2006 in the principal amounts of: (a) $2,002,100.00, (b) $1,500,00.00, and (c) $1,027,793.00 (hereinafter the "Notes"), each of which matured on July 24, 2007. (Court Doc. 1, Verified Compl. Ex. A-C.) Plaintiff filed

a motion for summary judgment on November 6, 2007. (Court Doc. 10, Mot. for Sum. J.) Defendant filed a response in opposition to this summary judgment motion. (Court Doc 16, Def.'s Resp.) Defendant, however, did not seek relief under Fed. R. Civ. P. 56(f) to take any discovery in order to oppose the summary judgment motion. On April 2, 2008, the Court granted Plaintiff's summary judgment motion and awarded Plaintiff a judgment against Defendant in the amount of $4,611,231.90. (Court Doc. 24, April 2, 2008 Mem. & Order.) On September 11, 2008, the Court awarded Plaintiff's attorneys fees. Defendant never appealed the Court's summary judgment ruling or otherwise challenged the Court's April 2, 2008 or the September 11, 2008 Orders.

On March 6, 2009, Defendant filed his instant Motion For Relief From Judgment. (Court Doc. 34.) The stated basis for this motion is newly discovered evidence, which was "obtained subsequent to the entry of judgment against [Defendant] in this cause and would provide him a defense to the enforceability of the Promissory Notes sued upon in this cause, as well as give him claims against Regions Bank." (Court Doc. 35-1, Def.'s Mem. at 1.) In support of his motion, Defendant filed an affidavit, which was based upon "his personal knowledge of the matters stated herein." (Court Doc. 34-1, Def.'s Aff. ¶ 1.)

Defendant claims he borrowed money "from [Plaintiff] to continue to make investments with the McLean Company." (Def.'s Aff. ¶ 3.) In exchange for this investment, Defendant "received promissory notes representing [his] investment and these notes were to be pledged as collateral to Regions Bank to secure the indebtedness in this cause." (*Id.*) Defendant contends that when Plaintiff initially sued him, he "was unaware of any information which indicated that [Plaintiff was] aware of McLean's falsification of certain business accounts which supposedly supported or collateralized the promissory notes

being issued by McLean to [Defendant]" and were "pledged as collateral to Regions Bank to secure the promissory notes which I entered into with [Plaintiff]." (Def.'s Aff. ¶ 4.) Defendant claims that McLean informed him that the investment was "in either individual stocks, off-shore accounts, or invested with a brokerage account in Chicago by the name of Rosenthal Collins Group." (*Id.* at ¶ 6.) He further claims that by "the fall of 2008, McLean's Bankruptcy Trustee made me aware that McLean had not had any money or accounts with the Rosenthal Collins Group, LLC, for many years." (*Id.*)

Defendant states that this information "led to further investigation and it has now become clear that [Plaintiff] knew, or in the exercise of any reasonable care, should have known that McLean had no money on account with the Rosenthal Collins Group, LLC, which consequently rendered the promissory notes [Defendant] was receiving from McLean to collateralize the promissory notes I had obtained from [Plaintiff] worthless." (*Id.*) He further claims, based upon information provided to him by Ron Bell, a former employee of Regions Bank, that Plaintiff was aware that the promissory notes were worthless and that Plaintiff opted against continuing to loan to Defendant due to the inadequacy of the collateral. (*Id.* ¶ 9.) Defendant claims that had Plaintiff "ever disclosed such information to me, and had [Plaintiff] done so, I would not have borrowed any additional funds or made any further investments with McLean Company." (*Id.*)

Plaintiff opposes the motions and argues that Defendant "is not entitled to relief from judgment because he fails to meet the strict requirements of Rule 60(b)(2) and the high burden of proof necessary to show that he has any admissible or credible "newly discovered evidence." (Court Doc. 36, Defs.' Resp. at 1.) Plaintiff further contends that Defendant has failed to establish that he exercised due diligence in the pursuit of

-4-

discovering the new evidence, or that he could not have discovered the alleged evidence before a judgment was rendered in this case. (*Id.* at 1-2.) Finally, Plaintiff asserts that even if the Court were to conclude that Defendant's newly discovered evidence was admissible, the information does not provide the basis for a valid defense or counterclaim. (*Id.*)

III.   ANALYSIS

As pointed out above, a movant who requests the Court to set aside a judgment pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure faces a significant burden. In the case at bar, Defendant is not entitled to Rule 60(b)(2) relief because "the record indicates that the [he] did not pursue discovery with due diligence." See *Sangi v. Fairbanks Capital Corp.*, 219 Fed App'x 359, *New Hampshire Ins. Co. v. Martech USA, Inc.,* 993 F.2d 1195, 1201 (5th Cir. 1993) (holding a movant must demonstrate that it exercised due diligence in obtaining the information to succeed on a motion brought under 60(b)(2)). Simply claiming that he had been diligent is not enough to meet this burden. 12 Moore's Federal Practice, § 60.42[5] (3d ed.). Defendant admits no discovery was taken and that he did not oppose Plaintiff's summary judgment motion, which disposed of the case. Def's. Br. at 5.

Neither party disputes that the evidence Defendant is relying upon to re-open the instant case was discovered after the matter was closed. Defendant claims he "only discovered [the purported evidence] in the fall of 2008." Def.'s Aff. ¶ 7. The parties do, however, dispute whether Defendant failed to exercise due diligence in searching for the evidence at issue. Defendant admits that he "did not contest or challenge the suit brought

-5-

against him by Regions Bank on the merits." Def.'s Br. at 8. Defendant's affidavit, which claims that he did not discover the purportedly pertinent evidence until the Fall of 2008, however, fails to apprise the Court as to why he could not have discovered the evidence earlier. Although Defendant's affidavit refers to a "Ponzi scheme," he admits that AmSouth Bank notified him in 2003 it "did not feel comfortable with the collateral." Def.'s Aff. ¶ 7. In fact, it appears that Defendant was apprised of the Ponzi scheme during the McLean bankruptcy proceedings in 2007. Pl.'s Resp. Br. at 17. Despite this knowledge, Defendant did not seek a permission from the Court for additional time to obtain affidavits, depositions, or other discovery prior to responding to Plaintiff's summary judgment motion. *See* Fed. R. Civ. P. 56(f).

Even assuming *arguendo* that Defendant was able to establish that he exercised due diligence, the evidence he intends to rely upon to re-open the case is all inadmissible hearsay. As a threshold consideration, to support a Rule 60(b)(2) motion, Defendant's affidavit testimony must be admissible as substantive evidence, not merely for impeachment purposes. See *Wilson v. Upjohn Co.*, 808 F. Supp. at 1323. Defendant's statements in his affidavit are based entirely upon on statements given to him by third parties, including McLean's bankruptcy trustee and Ron Bell, a former employee of Plaintiff. *See* Def.'s Aff. ¶¶ 2-9. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Defendant's hearsay statements do not fit within the ambit of the exceptions to the hearsay rule. *See* Fed. R. Evid. 803, 804, and 801(d). Accordingly, Defendant fails to establish the elements required for the Court to

grant the pending Rule 60(b)(2) motion.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion For Relief From Judgment is **DENIED**. [Court Doc. 34.] Defendant's Motion For Leave To Take Discovery [Court Doc. 38] is **DENIED** as **MOOT**.

The case shall remain closed.

SO ORDERED this 29th day of May, 2009.

                                        */s/Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE